The CITY OF BROWNSVILLE,
Appellant,

v.

Leonel TERAN, Appellee.

No. 13–94–405–CV.

Court of Appeals of Texas,
Corpus Christi.

July 27, 1995.

Dissenting Opinion filed July 28, 1995.

Rehearing Overruled Sept. 21, 1995.

B. Craig Deats, Jenkins & Deats, P.C., Austin, for amicus curiae.

Franklin T. Graham, Jr., Geoff Warburton, Brownsville, for appellant.

Fernando M. Galvan, Borwnsville, for appellee.

## OPINION

DORSEY, Justice.

At issue is the jurisdiction of the district court to set aside the Brownsville Civil Service Commission's grading of a civil service test. We hold the court lacked jurisdiction to grant the relief it did, and reverse and render judgment for the City of Brownsville.

The City of Brownsville had a vacancy for the position of assistant fire chief and conducted an examination for the position after posting the requisite notice. Seven people took the examination and had scores ranging from 30 to 80. Appellee, Leonel Teran, failed with a score of 66, placing fourth.

Unfortunately, the test improperly included eight questions from source materials that were not in the notice of materials to be studied. Teran complained of the inclusion of this improper material to the Brownsville Civil Service Commission, which ordered the test regraded, giving every candidate who missed any of the improper questions credit on his score for any of the improper questions he missed.

Teran, being dissatisfied with the remedy fashioned by the Civil Service Commission, sued in District Court asking that the results of the examination be discarded and that it be readministered. The case was tried on stipulated facts to the judge sitting without aid of jury. The Court agreed with Teran, invalidated the results of the civil service examination, and ordered new testing. The city brings this appeal, claiming the district court lacked jurisdiction over the matter.

The Texas Local Government Code requires municipalities to conduct civil service commission examinations to establish an eligibility list for fire department promotions. TEX.LOC.GOV'T CODE ANN. § 143.021 (Vernon 1988). The Code also provides:

### § 143.015 Appeal of Commission Decision to District Court

(a) If a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a *petition* in district court asking that the decision be set aside.

TEX.LOCAL GOV'T CODE ANN. § 143.015 (Vernon 1988 & Supp.1994).

The term "any decision" in Section 143.015 of the Local Government Code has been interpreted to mean only "final" decisions by the Commission. *Moore v. Firefighters' and Police Officers' Civil Serv. Comm'n*, 809 S.W.2d 527, 531 (Tex.App.—Dallas 1991, writ denied). "A question regarding the grading of an examination is not a final decision, but rather the *process* the Commission uses to reach its decision regarding promotion." *Id.* at 529–30 (emphasis in original). The Legislature established a civil service system with the requirement that promotions be based on competitive examinations. *Firemen's and Policemen's Civil Serv. Comm'n v. Kennedy*, 514 S.W.2d 237, 239 (Tex.1974). In doing so, the Legislature established a system whereby the Commission was the final arbiter with respect to grades and the method of grading when an examinee exercised his right to appeal. *Id.* at 240. The examining authority is the appropriate body to determine whether a question is so vague and ambiguous that any of the multiple-choice answers should be accepted as correct or whether to disregard the answers to the question altogether in arriving at the grades for the examination. *Id.*

Therefore, when the Civil Service Commission makes a determination concerning the grading of promotional examinations, the district court will generally not have jurisdiction. There are, however, two recognized exceptions: 1) if there has been a denial of a constitutional or vested right, or 2) if the Commission is guilty of fraud or bad faith regarding the grading. *Firemen's & Policemen's Civil Serv. Comm'n v. Williams*, 531 S.W.2d 327, 329 (Tex.1975) (fraud or bad faith); *Kennedy*, 514 S.W.2d at 239; *Moore*, 809 S.W.2d at 530; *Bartek v. Firemen's & Policemen's Civil Serv. Comm'n*, 584 S.W.2d 358, 361 (Tex.Civ.App.—Tyler 1979, no writ) (denial of constitutional or vested right).

Appellee argues that the Commission is guilty of bad faith in grading the examination, and therefore, the district court had jurisdiction. The evidence of bad faith relied on is that the commission, when presented with a similar testing problem in 1992, de-

clared the test invalid and ordered new testing, where here the effects of the answers to the wrongly included questions were disregarded. It is not that the commission has failed to recognize or remedy the problem of questions from unauthorized source material. Rather, the purported evidence of the commission's bad faith is that it did not order the same remedy it had in the past.

The stipulated facts are that the City of Brownsville Fire Department has only three Assistant Fire Chief positions, and there was only one vacancy. Seven people took the examination for assistant fire chief, with the scores ranging from 30 to 80. Roberto Cano made the highest grade. Only two, Cano and Victor Alfaro, passed the exam, a minimum score of 70 being passing. Appellee, Leonel Teran, failed with a score of 66, placing fourth in the field. Of the eight improper questions asked, Appellee, Cano, and Alfaro each missed six. The other candidates missed between two and eight of the questions from the undisclosed source material.

The remedy the commission fashioned was to add one point to each candidate's scores for each of the improper questions the candidate had answered erroneously. As a result, the ranking of the top four candidates by test score did not change—appellant remained in fourth place. He missed the same number of improper questions as did the first two finishers.

In 1992, the director of the civil service commission voided the results of an examination for chauffeur-pump operators and ordered the examination to be readministered because it contained questions from material that had not been listed in the required announcement.

This lack of consistency in remedies is the only evidence of bad faith relied on by appellee. There is no evidence that the remedy ordered by the commission is inadequate to cure the error of the improperly included material. The commission's remedy of regrading is one which has been explicitly approved by our supreme court. *Williams,* 531 S.W.2d at 329 (regrading of exam after objectionable questions from improperly identified source materials deleted); *Kennedy,* 514 S.W.2d at 240 (regrading after commission

disregarded question determined to be vague and ambiguous).

■ Lack of consistency of remedies alone is not evidence of bad faith. The commission's discretion to choose a proper remedy should not be limited to blindly repeat what it has done in the past.

The remedy chosen by the commission in the present case, to give credit for erroneous answers made to the improper questions, might have certain advantages over declaring the test invalid and ordering new testing. The commission may have considered that it would be faster and cheaper to merely adjust the grading rather than order new testing. After all, the two highest scoring candidates and appellant missed the same number of the improper questions. These considerations properly fit into the calculus of the commission's exercise of discretion to fashion a remedy for the defective test.

There is no evidence of bad faith or fraud that would have served as an exception to the trial court's lack of jurisdiction over an interlocutory matter. The trial court did not have jurisdiction to fashion the relief it did. Appellant's sole point of error is sustained.

The judgment of the trial court is REVERSED and RENDERED against appellee Leonel Teran.

YAÑEZ, J., dissents.

RODRIGUEZ, J., joins in the dissent.

YAÑEZ, Justice.

The trial court was presented with sufficient facts to invoke its jurisdiction. Ordering that a new test be given was not error.

The Legislature established a civil service system by statute with the requirement that promotions be based on competitive examinations and without favoritism. *Firemen's and Policemen's Civil Serv. Comm'n v. Kennedy,* 514 S.W.2d 237, 239 (Tex.1974). The trial court's order supports that purpose.

Appellee contends that bad faith exists because the Commission refused to set aside the examination which was illegal and improper. It contained eight errant questions which were derived from a "Fire Inspection"

manual. Incidentally, the candidate who achieved the highest score on the exam had previously served as a Brownsville Fire Inspector while the other candidates had not. Instead of setting the exam aside, the Commission merely sought to add points to existing scores which resulted in identical examinee rankings.

In addition, a year earlier when the exact same problem occurred with a similar test, the Commission set aside the tainted test altogether and readministered the examination. Appellee argued in the trial court that the Commission failed to follow its usual practice in bad faith. By merely adding points to existing scores, the Commission can ensure that a preferred candidate will remain as the top examinee. If a preferred candidate achieves the highest score after an improper test, points will merely be added or redistributed. If the preferred candidate does not achieve the highest score, the test can be readministered thereby giving the preferred candidate another shot. Appellee argues, therefore, that tests are voided not in compliance with statutory requirements, but rather in concern for which candidate received the highest score. Appellee further argues that, were it not for the improper questions, potentially he could have scored eight points higher on the examination and the leading candidate could have scored eight lower.

After reviewing the record, I find that the trial court found the requisite bad faith in the Commission's decision in order to invoke its jurisdiction. The majority, however, opines that the only evidence of bad faith is lack of consistency of remedies, and that there was no evidence that the remedy ordered by the Commission was inadequate to cure the tainted test.

The majority is simply mistaken. The trial court was presented with evidence of 1) the source of the errant questions, 2) the Commission's previous actions in similar situations, and 3) the effect of the Commission's remedy under the specific facts of this case.

I agree with the majority that the Commission should not be limited in its remedies merely to what it has done in the past. Nevertheless, when the court is presented with additional evidence of suspicious questions and circumstances, the remedy itself becomes suspect. The distinctive facts of this case fashioned jurisdiction for the trial court.

Appellee additionally argues that because the City failed to request findings of fact and conclusions of law, we must affirm the trial court because there exists a legal theory in the record that provides a basis for the judgment. Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it is implied that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989) (per curiam).

In view of the anti-favoritism purpose of the civil service provisions established by the Legislature, the trial court's judgment is supported by the evidence. Because the promotional examination was administered in violation of the Local Government Code, the trial court judgment voiding the test and ordering a new examination was proper. TEX.LOCAL GOV'T CODE ANN. § 143.032 (Vernon 1988 & Supp.1994).

The trial court categorically had jurisdiction in this case and properly ordered a new test. I dissent.

RODRIGUEZ, J., joins in the dissent.