Randy E. SMITH, Appellant

v.

The CITY OF GARLAND, Texas, Michael Arriaga, Michael Baker, Dustin Barker, Randy M. Barker, Eric Brooks, Thomas Buchanan, Ronald Butler, Kristopher Chitty, William Crews, Brandon Day, Robert Estes, James Fennell, Robert Fultz, Dustin Gillette, Gregory Goff, Jon Gomez, Steven Harris, Jeffrey Henderson, William Henson, Jeremy House, Gregory Huff, William Johnson, Michael Kasper, Tracy Kinnard, Thomas Little, Glen Lauth, Eric Lovett, Jacob Mount, Samuel Mutrux, Cloyce Purcell, Bryan Ray, Charlie Riggs, Gregg Rogers, Ronald Short, Wade Stone, Michael Stribling, Joseph Stuchly, Cory Trowbridge, Daniel Ueckert, Adam Umpenour, Brian Ward, Harley Warren, Christopher White, Charles Williams, and Jason Zito, Appellees

No. 05-16-00474-CV

Court of Appeals of Texas,
Dallas.

Opinion Filed April 20, 2017

Blair G. Francis, Bobby Amick, Francis & Totusek, LLP, Dallas, TX, for Appellant.

Preston Crump, Garland TX, pro se.

Matthew Bachop, Deats, Durst & Owen, PLLC, Austin, TX, for Michael Arriaga, et. al.

Christopher David Livingston, Office of the City Attorney, Kurt C. Banowsky, Senior Assistant City Attorney, Michael Betz, Garland City Attorney's, Ronald Bradford Neighbor, City Attorney, Garland, TX, for Appellees.

Before Justices Evans, Stoddart, and Boatright

## OPINION

Opinion by Justice Boatright

This is a dispute about promotions in the City of Garland ("City") fire department. The City sued appellant Randy E. Smith and many other City fire fighters, including the people who are now appellees in this case. The City voluntarily dismissed Smith from the suit, but he later intervened, suing the City and the fire fighters who the City had not dismissed from the case. The City and the fire fighters moved to strike Smith's intervention, and for entry of final judgment. The trial court granted their motions, and Smith now appeals, challenging the trial court's jurisdiction and asserting that the trial court abused its discretion in striking his intervention. We affirm the trial court's judgment.

### BACKGROUND

Smith and the individual appellees ("Fire Fighter appellees") are employed by the City. Chapter 143 of the Texas Local Government Code governs promotion of fire fighters employed by the City. TEX. LOC. GOV'T CODE ANN. §§ 143.001–143.403 (West 2008 & Supp. 2016). Positions in the fire department "may be filled only from an eligibility list that results from an examination" held in accordance with Chapter 143. *Id.* § 143.021(c).

The City sued Smith and the Fire Fighter appellees seeking declaratory relief after it "became aware that two or more firefighters had engaged in an elaborate scheme to obtain promotions by cheating on civil service promotional examinations," as it alleged in its original petition. The City undertook an investigation, which resulted in the resignation of three fire fighters who had been promoted. The resignations created vacancies, but only after the eligibility lists based on the examinations in question had expired.

In its petition, the City complained that other fire fighters who had participated in the examinations "alleged that the City was required to adjust the rank and seniority of fire fighters affected by the scheme to cheat on the exam." The City also alleged, "[i]n addition, fire fighters who intended to take the promotional examination in the future would be affected by any adjustment to seniority or rank made by the City as a result of the scheme to cheat on examinations." The City alleged that Chapter 143 prohibited it from adjusting the rank and seniority of any fire fighters after the promotional lists were certified by the Garland Civil Service Commission (the "Commission"). The City sought a declaration that "it is not required to adjust the rank or seniority of any fire fighters who were affected by the cheating scheme." In the alternative, the City sought a declaration that "fire fighters taking future promotional examinations ... are not entitled to further relief from the City."

Smith did not take the promotional exam affected by the cheating and subsequent resignations. Consequently, he was not on the eligibility lists for promotion. He was on the eligibility list for promotion to the rank of Lieutenant, however, at the time the trial court rendered judgment in this suit. The City sued Smith, so he appeared and answered the suit, but he did not propound any discovery requests and

did not seek any relief from the trial court other than dismissal of the City's claims.

The Fire Fighter appellees filed a counterclaim seeking a declaratory judgment and injunctive relief. They alleged that the promotions that were made as a result of the cheating scheme described in the City's petition were "void *ab initio* because they were not the result of competitive promotional examinations, as required by Chapter 143." They alleged that "a number" of the Fire Fighter appellees "were deprived of promotions to which they were rightfully entitled." They sought (1) a declaration that certain of them were entitled to retroactive promotion because of the City's failure to fill vacancies in accordance with Chapter 143; and (2) injunctive relief "effectuating the retroactive promotions," including back pay.

The City and the Fire Fighter appellees subsequently agreed that (1) the seniority dates and/or the ranks of seven of the Fire Fighter appellees would be adjusted; (2) none of the Fire Fighter appellees would receive an award of back pay; and (3) the City would nonsuit its claims against the remaining Fire Fighter appellees. The City nonsuited its claims against all but the seven Fire Fighter appellees whose seniority dates and/or ranks were to be adjusted.

Smith, however, intervened in the lawsuit after the City's nonsuit of its claims against him. Claiming that the promotions of the seven Fire Fighter appellees would "adversely affect [his] rights under Chapter 143," Smith sought a declaration that "the City is prohibited from adjusting the rank or seniority of any firefighters, including but not limited to those alleging they were affected by the alleged cheating, other than in strict accordance with Chapter 143." The City and the Fire Fighter appellees filed motions to strike the intervention, which the trial court granted after a hearing on January 20, 2016.

The trial court rendered final judgment on January 25, 2016. The judgment recites that the trial court previously (1) entered orders of nonsuit regarding all of the Fire Fighter appellees other than the seven whose seniority dates or ranks were adjusted, and (2) struck Smith's intervention. This appeal followed. In three issues, Smith asserts (1) he had standing to file a motion for new trial, so that his notice of appeal was timely; (2) the trial court abused its discretion in striking his intervention; and (3) the trial court's judgment is void for lack of subject matter jurisdiction. We first address the questions regarding the jurisdiction of this Court and of the trial court.

## JURISDICTION

### A. Appellate Jurisdiction

■ We are required to review *sua sponte* issues affecting our jurisdiction. *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.). Because the record reflected that the City had nonsuited its claims against Smith prior to judgment, we initially questioned our jurisdiction over Smith's appeal and requested that the parties address the issue by letter. In their responses, the parties explained that Smith intervened in the suit after the City nonsuited its claims against him. Appellees then filed a motion to strike Smith's intervention that was granted by the trial court. Smith seeks appellate review of this ruling. We requested that the parties address the issue of this Court's jurisdiction in their appellate briefing, which they have done.

**1. After final judgment, Smith could appeal the trial court's order striking his intervention.**

The trial court granted appellees' motion to strike Smith's intervention on January 20, 2016. The trial court's order striking Smith's intervention was not appealable before the rendition of a final judgment. *Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 499 (Tex. App.—San Antonio 1991, writ denied). Five days later, on January 25, 2016, the trial court rendered its final judgment, and the interlocutory order was merged into the judgment. *See In re Guardianship of Miller III*, 299 S.W.3d 179, 184 (Tex. App.—Dallas 2009, no pet.) (en banc) (once trial court disposes of all parties and claims, its preceding interlocutory orders are merged into final judgment). After final judgment, an unsuccessful intervenor may complain on appeal of the striking of his intervention plea. *See, e.g., Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657–58 (Tex. 1990).

**2. Smith's appeal is limited to the trial court's ruling on his intervention.**

Smith may appeal only the trial court's ruling on the intervention, however. *City of Austin v. Quick*, 930 S.W.2d 678, 683 (Tex. App.—Austin 1996), *aff'd*, 7 S.W.3d 109 (Tex. 1998). Although his motion for new trial challenged the substance of the City's agreement with the Fire Fighter appellees in addition to complaining of his stricken intervention, Smith cannot appeal the judgment's resolution of other parties' disputes. *H. Tebbs, Inc. v. Silver Eagle Distribs., Inc.*, 797 S.W.2d 80, 88–89 (Tex. App.—Austin 1990, no writ).

**3. Smith's motion for new trial extended the appellate timetable.**

Smith filed a motion for new trial on February 23, 2016, within thirty days of judgment. He filed his notice of appeal on April 20, 2016, more than thirty but less than ninety days after the court rendered judgment. Smith contends his timely motion for new trial extended the appellate deadlines so that his notice of appeal was timely.

Appellees respond that we must dismiss Smith's appeal because his notice of appeal was not timely. They rely on Texas Rule of Appellate Procedure 26.1(a)(1), which provides that "the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files . . . a motion for new trial." Appellees argue that Smith could not extend the time for filing his notice of appeal by filing a motion for new trial because he was a nonparty at the time the trial court rendered judgment.

Appellees rely on cases in which a nonparty sought to intervene after the trial court had rendered judgment. *See, e.g., Malone v. Hampton*, 182 S.W.3d 465, 467–68 (Tex. App.—Dallas 2006, no pet.). These cases, however, follow the well-settled rule that "a party may not intervene post-judgment unless the trial court first sets aside the judgment." *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015).

At oral argument, appellees referred us to *Lapiner v. Maimon*, 429 S.W.3d 816, 820–21 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (plurality op.), for the proposition that a person whose intervention is stricken *prior* to judgment cannot extend the appellate timetable by filing a motion for new trial. After oral argument, Smith and the City submitted letter briefs discussing *Lapiner* in more detail. The *Lapiner* plurality opinion explains that because Lapiner's petition in intervention was stricken, he was not a "party" to the case at the time of the trial court's judgment. *Id.* at 820. "And where, as here, a nonparty has the right to appeal a decision of the trial court granting a motion to strike, such nonparty nonetheless cannot extend the appellate timetable by assailing the final judgment with a motion for new trial." *Id.*

Unlike Smith, however, Lapiner did not appeal the trial court's order striking his intervention. *Id.* Instead, he sought to challenge only the merits of the judgment, which approved a settlement of the shareholder derivative claims made by the plaintiffs in the suit. *Id.* at 817. The court concluded that Lapiner's notice of appeal was not timely and dismissed his appeal. *Id.* at 821. The dissenting justice in *Lapiner* pointed out that the cases on which the plurality relied addressed only post-judgment pleas in intervention, not pre-judgment pleas. *Id.* at 847–48 (Busby, J., dissenting). And in any event, the court did not decide the question whether a stricken intervenor, challenging only the ruling on the intervention itself, may extend the time to appeal by filing a motion for new trial. That is the question presented here. We conclude the *Lapiner* plurality opinion is not persuasive authority in this case.

"The filing of a motion for new trial in order to extend the appellate timetable is a matter of right, whether or not there is any sound or reasonable basis for the conclusion that a further motion is necessary." *Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 (Tex. 1993) (per curiam). Motions for new trial may be filed for the sole purpose of extending the appellate timetable. *Rainier Income Fund I, Ltd. v. Gans*, 501 S.W.3d 617, 621–22 (Tex. App.—Dallas 2016, pet. denied).

Any post-judgment motion, which, if granted, would result in a substantive change in the judgment as entered extends the time for perfecting the appeal. *Gomez v. Tex. Dep't of Criminal Justice*, 896 S.W.2d 176, 177 (Tex. 1995). If granted, Smith's motion for new trial would "result in a substantive change in the judgment as entered." *Id.* at 177. He would be reinstated as a party, allowing him to pursue his claim that his "vested rights under Chap-ter 143" were impaired by the appellees' actions.

Appellees argue that Texas Rule of Appellate Procedure 26.1 provides for extending the appellate timetable if any "party" timely files a motion for new trial. Smith was not a "party" when judgment was rendered, but that is precisely the ruling he challenges. He could not assert this challenge until the trial court's ruling on his intervention was merged into the final judgment. "The filing of a motion for new trial in order to extend the appellate timetable is a matter of right." *Old Republic Ins. Co.*, 846 S.W.2d at 833. We conclude that Smith's motion for new trial extended the appellate timetable, his notice of appeal was timely, and we have jurisdiction over Smith's appeal of the trial court's ruling on his plea in intervention.

## B. Trial Court's Jurisdiction

In his third issue, Smith contends the trial court's judgment is void because the trial court did not have jurisdiction over the City's declaratory judgment action. He contends that, because no fire fighter appealed to the Commission under Chapter 143, no one exhausted the available administrative remedy.

Citing *City of Brownsville v. Teran*, 907 S.W.2d 593, 594 (Tex. App.—Corpus Christi 1995, no writ), and sections 143.034 and 143.015 of Chapter 143, Smith argues, "[w]hen the Commission makes a determination concerning the grading of promotional examinations, a district court has no subject matter jurisdiction over that determination absent factors not here applicable." Section 143.034 allows an "eligible promotional candidate from the fire or police department" to examine his or her own "examination and answers, the examination grading, and the source material for the examination." Section 143.015 provides a remedy for "a fire fighter or police offi-

cer" who is dissatisfied by a Commission decision. Neither section offers relief to a city, and neither offers the relief the City sought in its original petition, a declaration that it was "not required to adjust the rank or seniority of any firefighters who were affected by the cheating scheme." There was no administrative remedy available under either section 143.034 or section 143.015 for the City to exhaust before seeking declaratory relief from the district court.

In contrast, Teran, the candidate, challenged a promotional exam that "improperly included eight questions from source materials that were not in the notice of materials to be studied." *Teran*, 907 S.W.2d at 594. He complained to the Brownsville Civil Service Commission, which ordered the test regraded to give candidates credit for any improper questions missed. *Id.* He was dissatisfied with this remedy and sued in district court. The district court set aside the commission's grading. *Id.* The court of appeals concluded that the Civil Service Commission was the "final arbiter with respect to grades and the method of grading when an examinee exercised his right to appeal," so the district court lacked jurisdiction over Teran's complaint. *Id.*

Here, no party sought to challenge "grades and the method of grading" or any Commission decision. The promotional candidates suspected of cheating resigned. The City filed this suit, and the Fire Fighter appellees later filed their counterclaim, to resolve their dispute regarding how to fill the resulting vacancies in accordance with Chapter 143. We conclude the trial court properly exercised its jurisdiction over that dispute. We overrule Smith's third issue.

## SMITH'S INTERVENTION

In his second issue, Smith contends the trial court erred by striking his petition in intervention. We review the ruling on a motion to strike a plea in intervention for abuse of discretion. *Brauss v. Triple M Holding GmbH*, 411 S.W.3d 614, 630 (Tex. App.—Dallas 2013, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Intervention is allowed as a matter of right. *In re Union Carbide Corp.*, 273 S.W.3d 152, 154–55 (Tex. 2008). When an intervention is challenged by a party's motion to strike, the intervenor bears the burden to demonstrate a justiciable interest in the pending suit. *Id.* at 155. "A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation." *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). A person has the right to intervene "if he could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof." *Guaranty Fed. Sav. Bank*, 793 S.W.2d at 657. An intervenor's interest must be greater than a merely contingent or remote interest. *Mendez v. Brewer*, 626 S.W.2d 498, 500 (Tex. 1982).

The trial court may determine the party's justiciable interest on the basis of the factual allegations in the petition for intervention, as well as the allegations of fact set forth in the pleadings of the other parties. *McCord v. Watts*, 777 S.W.2d 809, 812 (Tex. App.—Austin 1989, no writ).

Even if the intervenor has a justiciable interest, however, the ultimate determination of whether to strike an intervention remains within the trial court's sound discretion. *Law Offices of Windle Turley, P.C.*, 109 S.W.3d at 70. In determining whether to strike an intervention, a court may consider whether the intervention will complicate the case by the "excessive multiplication of the issues" and whether the intervention is "almost essential to effectively protect the intervenor's interest." *Guaranty Fed. Sav. Bank*, 793 S.W.2d at 657.

Because appellees moved to strike Smith's intervention, Smith bore the burden of showing his justiciable interest in the controversy. *In re Union Carbide Corp.*, 273 S.W.3d at 155. It is undisputed that Smith did not sit for any of the examinations in question, and therefore was not on the corresponding eligibility list with candidates who took those examinations. On the other hand, the City named Smith as a defendant and conceded in its original petition that "[i]n addition, firefighters who intended to take the promotional examination in the future," a group that included Smith, "would be affected by any adjustment to seniority or rank made by the City as a result of the scheme to cheat on examinations." The City initially sought a declaration that it was "not required to adjust the rank or seniority of any firefighters who were affected by the cheating scheme." The final judgment, however, adjusted the rank and/or seniority of seven fire fighters.

Smith argues that he has a justiciable interest in the case because he was harmed by the promotion of appellee Jason Zito to the rank of Lieutenant. Zito was on a promotional list that expired on May 26, 2011. On the date of the trial court's judgment, Smith, not Zito, was on the promotional list for the rank of Lieu-

tenant. The Fire Fighter appellees respond that Zito sought a retroactive promotion with corresponding back pay. Specifically, the judgment promoted Zito to the rank of Lieutenant on June 16, 2011, to fill a vacancy that occurred on April 17, 2011. Citing Chapter 143, the Fire Fighter appellees assert that a promotion must be made from the promotion eligibility list in effect at the time the vacancy occurred. The City had sixty days after the vacancy occurred to make the promotion. Loc. Gov't Code § 143.036(e). The retroactive promotion and back pay are effective "the last day the city could lawfully have filled the vacancy," in this case, June 16, 2011, sixty days after the April 17, 2011 vacancy. *Lee v. Downey*, 842 S.W.2d 646, 649 (Tex. 1992) (orig. proceeding).

Smith also asserts harm because Zito's promotion fills one of a limited number of Lieutenant positions, foreclosing or limiting Smith's future opportunities for promotion to that rank, and from it, promotion to the rank of Captain. The City counters that on the April 14, 2015 eligibility list, Smith ranked 11 of 11, and on the April 19, 2016 eligibility list, Smith ranked 15 of 20. The City argues Smith failed to present any evidence that he would have received a promotion from either list had Zito not held the position. In its motion to strike Smith's petition in intervention, the City explained that it had filed a notice of nonsuit against Smith "because it was determined, after the most recent rounds of testing, that Smith would not be directly affected by any adjustment of rank and seniority of the firefighters affected by the cheating," in part "due to his relatively low score on the most recent Lieutenant's exam."

Smith replies that he holds a "statutory right for promotions to be made and seniority to be given only in accordance with

Chapter 143." He contends the promotions made in the final judgment were not in accordance with Chapter 143. The City pleaded as much, averring that "once the promotional lists were certified by the Garland Civil Service Commission, Chapter 143 prohibits the City from adjusting the rank and seniority of the affected firefighters." The Fire Fighter appellees challenged this allegation, however, pleading in their counterclaim that the cheating scheme resulted in promotions that were "void *ab initio* because they were not the result of competitive promotional examinations, as required by Chapter 143 of the Local Government Code." Therefore, certain of them were "entitled to retroactive promotion because of [the City's] failure to fill vacancies in accordance with Chapter 143." The final judgment resolves this dispute.

We conclude that Smith failed to demonstrate a justiciable interest in the controversy. Smith's claimed "statutory right" is the same as that of any other fire fighter who was not on the promotional lists in dispute. He did not take the test in question. He did not show that he would or should have been promoted to the rank of Lieutenant in the judgment instead of Zito. Nor did he plead or show that he was denied any other promotion through any violation of Chapter 143. He was affected only remotely, if at all, by the trial court's judgment. *See Mendez*, 626 S.W.2d at 500 (requiring that an intervenor have more than a remote interest).

Smith contends that his only burden was to plead a justiciable interest, and the trial court erred by failing to allow him to amend his pleading to cure any defect. He does not cite authority, however, for the proposition that a trial court must allow an intervenor to amend before granting a motion to strike. Instead, courts recognize that the determination of a motion to

strike an intervention is within the sound discretion of the trial court. *See, e.g., McCord*, 777 S.W.2d at 812.

We also conclude that Smith's intervention would complicate the case by an excessive multiplication of the issues. Smith is not in the same position as Zito or any of the other six fire fighters whose rank or seniority was adjusted in the judgment. The case would be complicated on remand because the trial court would be required to adjudicate issues related to fire fighters who did not take the promotional examinations in question and who are now no longer parties to the suit, while prolonging the litigation for those who had otherwise resolved their claims through settlement and an agreed judgment. *See Guaranty Fed. Sav. Bank*, 793 S.W.2d at 657 (courts may consider whether an intervention will complicate the case by excessive multiplication of issues).

Finally, Smith failed to establish that the intervention is almost essential to effectively protect his interest. Smith argues, "[t]o protect his interests, Smith needed to be a party to the case in which they were being affected, as the present case again proves. Because Smith was stricken and not given a chance to be heard, Zito holds, in violation of Chapter 143, a lieutenancy for which he is *not* eligible but for which Smith *is*." But Smith failed to show how he could have protected this claimed interest by participation in this lawsuit. Smith does not argue, and the record does not show, that he could have been promoted to lieutenant instead of Zito through participation in this lawsuit. As we have explained, Smith's interest was remote, and contingent on future events such as his ranking among the top candidates on a promotional list. Smith's intervention was not essential to protect this remote interest. *See id.* (courts may consider whether

an intervention is almost essential to effectively protect the intervenor's interest).

We conclude the trial court did not abuse its discretion by striking Smith's petition in intervention. We overrule Smith's second issue.

### CONCLUSION

We overrule each of Smith's issues and affirm the trial court's judgment.