

# NUMBER 13-23-00455-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**COURTNEY BROOKS VANN,**                                    **Appellant,**

**v.**

**THE GLADES II OF GREGORY
APARTMENTS, LLC, COURIC
ENTERPRISES, LLC, D/B/A
FOREMOST CONSTRUCTION,
ERIC SOLIS, INDIVIDUALLY AND
AS REPRESENTATIVE OF COURIC
ENTERPRISES, LLC, AND GUNNEN
CRAIG, INDIVIDUALLY AND AS AN
EMPLOYEE OF COURIC
ENTERPRISES, LLC,**                                    **Appellees.**

---

## ON APPEAL FROM THE 343RD DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

---

# MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Tijerina and Peña
## Memorandum Opinion by Justice Peña

Appellant Courtney Brooks Vann appeals the trial court's order striking her petition to intervene in a suit filed by appellee the Glades II of Gregory Apartments, LLC (the Glades) against appellees Couric Enterprises, LLC, d/b/a Foremost Construction; Eric Solis, individually and as representative of Couric Enterprises, LLC; and Gunnen Craig, individually and as employee of Couric Enterprises, LLC (collectively Couric). In five issues,[1] which we construe as one, Vann argues that the trial court abused its discretion by striking her petition to intervene. We affirm.

## I.   BACKGROUND

The Glades hired Couric to construct an apartment complex in Gregory, Texas. On April 5, 2022, the Glades sued Couric asserting various causes of action and alleging that Couric failed to pay subcontractors and abandoned the project. On September 13, 2023, the parties filed a joint motion to dismiss with prejudice, informing the court that they resolved the case through mediation. On the same day, Vann filed a petition in intervention asserting multiple derivative shareholder claims against Couric. Vann alleged that she was a minority shareholder of Couric and principally complained of the acts of Solis, her ex-husband and managing member of Couric, regarding his management of the company.

---

[1] Vann raises several issues regarding the merits of her underlying claims. However, in an appeal from the denial of a petition to intervene, we may only review the propriety of the trial court's ruling on the petition. *See Smith v. City of Garland*, 523 S.W.3d 234, 239 (Tex. App.—Dallas 2017, no pet.) (holding that appellant "cannot appeal the judgment's resolution of other parties' disputes" in an appeal from the denial of a petition in intervention).

The Glades filed a motion to strike Vann's petition to intervene, arguing that Vann has no justiciable interest in the suit, intervention is not essential to protect any interests in the matter, and intervention would unnecessarily complicate the case. The Glades maintained that Vann's complaints regarding Solis should be brought in a separate suit and that her allegations do not relate to the Glades' claims regarding the construction of the apartment complex. Couric also filed a motion to strike Vann's petition raising similar arguments, while also asserting that the petition is untimely.

Following a hearing, the trial court signed an order striking Vann's petition in intervention. It then signed an agreed order of dismissal with prejudice. This appeal followed.

## II. INTERVENTION

### A. Standard of Review & Applicable Law

Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. "The rule authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (quoting *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (per curiam)). A party opposing the intervention may file a motion to strike. *Id.* If a motion to strike is filed, the intervenor has the burden to show that it possesses a justiciable interest in the suit. *Id.*; *In re Union Carbide Corp.*, 273 S.W.3d at 155.

An intervenor possesses a justiciable interest if the interest is "such that if the original action had never been commenced, and [the intervenor] had first brought it as the

3

sole plaintiff, [the intervenor] would have been entitled to recover in his own name to the extent at least of a part of the relief sought" in the original suit. *In re Union Carbide Corp.*, 273 S.W.3d at 155 (quoting *King v. Olds*, 12 S.W. 65, 65 (Tex. 1888)). Stated otherwise, an intervenor has a justiciable interest "if the intervenor could have 'brought the [pending] action, or any part thereof, in his own name.'" *Id.* (quoting *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g)).

We review the ruling on a motion to strike a plea in intervention for abuse of discretion. *Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.) (citing *Brauss v. Triple M Holding GmbH*, 411 S.W.3d 614, 630 (Tex. App.—Dallas 2013, pet. denied)). A trial court abuses its discretion by striking a plea in intervention if (1) the intervenor could have brought the same action, or any part of it, in its own name or could have defeated recovery, or some part of it, if the action had been brought against it; (2) the intervention would not complicate the case by excessively multiplying the issues; and (3) the intervention is almost essential to effectively protect the intervenor's interest. *J. Fuentes Colleyville, L.P. v. A.S.*, 501 S.W.3d 239, 243 (Tex. App.—Fort Worth 2016, no pet.) (citing *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657). Further, a significant delay in filing a petition in intervention may also qualify as "sufficient cause" to strike an intervention. *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 874 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (explaining that a petition in intervention may be considered "untimely," even if before final judgment, when "filed so late that it would delay the proceeding or unjustifiably complicate it").

4

**B. Analysis**

Vann has not demonstrated a justiciable interest in the litigation. The Glades' suit against Couric solely pertains to a construction project agreement, including allegations that Couric failed to pay subcontractors and that it abandoned work on the project in violation of the parties' agreement. On the other hand, Vann wishes to bring a derivative suit against Couric for violations of the "company agreement." Vann does not assert that she could have brought any part of the Glades' claims in her own name, and the record does not support such a finding. While there may be a controversy between Vann and Couric, Vann makes no claim that this controversy will be affected or resolved by resolution of the current litigation. Accordingly, Vann has failed to demonstrate a justiciable interest. *See In re Union Carbide Corp.*, 273 S.W.3d at 155; *see also In re Ubican Glob., Inc.*, Nos. 01-21-00293-CV & 01-21-00356-CV, 2021 WL 4533281, at *6 (Tex. App.—Houston [1st Dist.] Oct. 5, 2021, no pet.) (mem. op.) (concluding that intervenor could not demonstrate a justiciable interest because it would "not have been entitled to recover any part of the relief that [plaintiff] seeks in its petition").

We further note that Vann's intervention would require examining corporate management issues unrelated to the underlying construction project and would thus complicate the Glades' suit by excessive multiplication of the issues. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657. In addition, Vann has not shown that an intervention into this particular case is "almost essential to effectively protect [her] interest." *See id*. There is nothing preventing Vann from filing a separate action against Couric raising the same claims that she does in her plea in intervention.

5

Further, Vann's significant delay in filing the plea in intervention provided the trial court sufficient cause to strike the plea. Despite being aware of the suit since its inception, Vann did not attempt to intervene until almost a year and a half later and after the parties had reached a settlement. *See Muller*, 525 S.W.3d at 874 (finding the trial court did not abuse its discretion by striking a petition in intervention that was filed twenty months after plaintiff filed his lawsuit); *Westridge Villa Apartments v. Lakewood Bank & Tr. Co.*, 438 S.W.2d 891, 895 (Tex. App.—Fort Worth 1969, writ ref'd n.r.e.) (determining that the intervention was not timely when intervenor had knowledge of the pending suit for at least eight months but did not intervene until the case had been called to trial).

For the forgoing reasons, we conclude that the trial court did not abuse its discretion in striking Vann's plea in intervention. *See City of Garland*, 523 S.W.3d at 241. We overrule Vann's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
10th day of October, 2024.