**HENDERSON EDWARDS WILSON, L.L.P. and H. Glenn Henderson, Appellants**

v.

**George A. TOLEDO, M.D., Appellee.**

No. 05–07–00367–CV.

Court of Appeals of Texas, Dallas.

Jan. 31, 2008.

---

Donald A. Ferrill and Laura E. Copeland, Brown Pruitt Peterson & Wambs

ganss, P.C., Fort Worth, TX, for Appellant.

James L. Mitchell, Jr., Payne Mitchell Law Group, Dallas, and Eryn Pressley Vevers, Fort Worth, TX, for Appellee.

Before Justices O'NEILL, RICHTER, and LANG.

## OPINION

Opinion by Justice RICHTER.

George Toledo, M.D. filed suit to rescind a settlement agreement to which he and his former employee Eryn Vevers were the only parties. Dr. Toledo's accountants, Henderson Edwards Wilson L.L.P. and H. Glenn Henderson (together, Henderson) intervened in the lawsuit. Following the entry of a default judgment against Vevers, the trial court entered an order striking the intervention. The sole issue in this appeal is whether the trial court abused its discretion by striking the intervention.[1] Because we conclude Henderson had no justiciable interest in the controversy and hence no standing, we affirm the trial court's post-judgment order.

Vevers is one of two former employees found to have embezzled funds from Dr. Toledo. In a prior civil lawsuit, Vevers and Dr. Toledo entered into a settlement agreement requiring Vevers to make periodic payments. The agreement also provided for the entry of a final judgment for the full settlement amount in the event the payments were not made. After making a few payments, Vevers defaulted and the agreed judgment was entered. Dr. Toledo subsequently initiated this suit to rescind the settlement agreement (the contract suit).

Dr. Toledo also filed a separate lawsuit against Henderson, alleging, *inter alia,* the embezzlement should have been discovered (the accounting suit). The accounting suit remains ongoing. Henderson filed a plea in intervention in the contract suit claiming rescission of the settlement agreement would impermissibly extinguish their statutory settlement credit under TEX. CIV. PRAC. & REM.CODE ANN. § 33.012(b) (Vernon Supp.2007). Dr. Toledo moved to strike the intervention. After entering a default judgment against Vevers, the trial court granted the motion to strike Henderson's intervention. This appeal followed.

We review the trial court's determination of a motion to strike an intervention for an abuse of discretion. *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex.1996). The Texas Supreme Court has held that it is an abuse of discretion to strike a plea in intervention if (1) the intervenor could have brought the same action, or any part thereof, in his own name, or if the action had been brought against him, he would be able to defeat recovery or some part thereof; (2) the intervention will not complicate the case by an excessive multiplication of the issues; and (3) the intervention is almost essential to protect the intervenor's interest. *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex.1990). An intervenor must have a justiciable interest in the suit. *See Mendez v. Brewer,* 626 S.W.2d 498, 499 (Tex. 1982). The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in the outcome. *Austin*

---

1. Henderson also seeks to advance arguments concerning the entry of the default judgment and the trial court's authority to rescind the settlement agreement. These issues were not identified in Henderson's Notice of Appeal. Our inquiry is therefore limited to the issue identified in the notice. *See* TEX.R.APP. P. 25.1(b).

*Nursing Center v, Lovato,* 171 S.W.3d 845, 848 (Tex.2005).

■ Applying the law to the instant case, we must first determine whether Henderson had a right to intervene based on a justiciable interest in the contract suit. Henderson is not a party to the contract, but asserts a justiciable interest premised on the assumption that it has been "harmed and affected by" the litigation in the contract case. Because Henderson may receive a settlement credit as a result of Vevers's settlement, Henderson contends the settlement agreement confers rights it is entitled to enforce. We disagree. The receipt of benefits under a contract does not necessarily equate with a right of enforcement.

■ A third party is only entitled to enforce a contract to which he is not a party if the parties intended to secure a benefit to the third party and entered into the contract for the third party's benefit. *See Stine v. Stewart,* 80 S.W.3d 586, 589 (Tex.2002). A third party does not have a right to enforce a contract from which he receives only incidental benefits. *Id.* There is a presumption against third-party beneficiary agreements. *MCI Telecomms. Corp. v. Texas Util. Elec. Co.,* 995 S.W.2d 647, 652 (Tex.1999). If the intent to confer a benefit on a third party is not clearly and fully spelled out in the agreement, enforcement by the third party must be denied. *Id.* at 651. Here, the settlement agreement does not state it was made for Henderson's benefit; Henderson is not even mentioned. There is also no indication the parties intended to confer a benefit on Henderson or entered into the settlement agreement for that purpose. Although Henderson stood to benefit from the settlement agreement

because of a potential credit against an amount for which it might ultimately be liable in the accounting suit, such a benefit was incidental to the contract. In addition, although the rescission of the settlement agreement might arguably have some effect on the amount of credit Henderson can claim, it does not extinguish any right to credit Henderson may have under the statute. We conclude Henderson had no right to enforce the contract and therefore no contractual basis to intervene.

■ Henderson's contention that the statute confers a right to intervene is similarly misplaced. Henderson has claimed entitlement to a settlement credit in the accounting suit pursuant to Tex. Civ. Prac. & Rem.Code Ann. § 33.011(5) and § 33.012(b). Most of the claimed credit stems from the settlement with Vevers.[2] As a result, Henderson attempts to bootstrap statutory entitlement to settlement credit to a right to enforce a settlement agreement to which it is not a party. The provisions of the Civil Practice and Remedies Code upon which Henderson relies, however, do not transcend the limitations on recovery by a third-party beneficiary to a contract. Chapter 33 does not establish a cause of action or confer standing. Instead, it provides a framework for apportioning liability among joint tortfeasors. *See* Tex. Civ. Prac. & Rem.Code Ann. § 33.011(5) and § 33.012(b) (Vernon Supp. 2007).We decline to construe the statute otherwise. *See State v. Fid. & Deposit Co.,* 223 S.W.3d 309, 311 (Tex.2007) (statutes construed as written by examining plain and common meaning of Legislature's words); *Univ. Of Tex. Southwestern Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351,

---

**2.** Although the parties disagree about whether Henderson should receive credit for the amount Vevers actually paid or the entire amount of the settlement/agreed judgment, the issues in the accounting suit are outside the scope of this appeal.

356 & n. 20 (Tex.2004) (court should not construe statutes to lead to absurd results). Because a potential settlement credit in a separate lawsuit does not create a justiciable interest in a suit on a contract to which Henderson is not a party, Henderson had no standing and the trial court did not err by striking the intervention. Henderson's first issue is overruled.

In two additional issues, Henderson argues the trial court lacked subject-matter jurisdiction to rescind the settlement agreement and erred when it granted the default judgment against Vevers. Even if these issues had been properly presented for review, a party may only appeal that in which he has a justiciable interest. *See Kenseth v. Dallas County*, 126 S.W.3d 584, 594 (Tex.App.-Dallas 2004, pet. denied). Because Henderson has no standing, we have no jurisdiction to consider the remaining issues. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). The trial court's order is affirmed.