**AFFIRMED and Opinion Filed July 24, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00062-CV**

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant**
**V.**
**LAVONNE NEESE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JAMES ROBERT NEESE, DECEASED, AND AS NEXT FRIEND OF LOGAN NEESE, CAMERON NEESE, LEELYNN NEESE AND CAYDEN NEESE; AND JENNIFER NEESE, Appellees**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-06293-C**

**OPINION**

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

The Insurance Company of the State of Pennsylvania ("ICSP") filed a petition in intervention in a wrongful death lawsuit brought by survivors of James Robert Neese. ICSP sought recovery pursuant to subrogation for workers' compensation benefits paid. On the motion of the Neese survivors, ICSP's intervention was struck. In a single issue, ICSP argues the trial court abused its discretion by deciding Oklahoma has the most significant relationship to the issue of whether ICSP has any right of subrogation to workers' compensation benefits paid to Neese's survivors, applying Oklahoma law, and granting Neese's survivors' motion to strike ICSP's intervention. We decide ICSP's issue against it.

## I. FACTUAL & PROCEDURAL BACKGROUND

The relevant facts are undisputed. James Neese, an Oklahoma resident, sustained an accidental, personal injury and died on June 7, 2010, as a result of a pipeline explosion in Texas. His employer, C & H Power Line Construction Co., was headquartered in Oklahoma. C & H secured its workers' compensation insurance policy from ICSP, which is incorporated in Pennsylvania. A final judgment dated December 28, 2010, rendered by the Oklahoma Workers' Compensation Court, ordered death benefits to be paid by ICSP to James Neese's widow, Lavonne Neese, and her children. Lavonne Neese and their children were all Oklahoma residents. The record reflects that ICSP participated in the Oklahoma proceeding.

Lavonne Neese, as representative of the estate of James Neese and as next friend of her children, filed suit in Dallas County against several Texas companies connected to the pipeline explosion ("defendant pipeline companies"),[1] seeking damages under the Texas Wrongful Death Act. ICSP filed a petition in intervention claiming subrogation against the Neeses in the amount of workers' compensation benefits paid, seeking a credit against benefits to be paid in the future, and attorney's fees pursuant to the Texas Labor Code section 417.002. TEX. LAB. CODE ANN. § 417.002 (West 2006). Lavonne Neese filed a Motion to Strike Intervention pursuant to Rule 60 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any

---

[1] Lavonne Neese sued the company that contracted with C & H Construction to replace high voltage power lines near the pipeline that exploded, the survey company that mapped the area containing the pipeline that exploded, the companies that owned or operated the pipeline that exploded, and the companies that constructed the source pipeline.

party."). In support of the Motion to Strike, Lavonne Neese argued ICSP's subrogation claims were controlled by Oklahoma law that provided ICSP no standing to pursue subrogation respecting death benefits paid or to be paid to the Neeses. ICSP responded Texas Labor Code Chapter 417 should apply, which provided ICSP with a right of subrogation. TEX. LAB. CODE ANN. § 417.002.

The trial court granted the motion to strike in an order that provided in part:

> Oklahoma law applies to the issues of the rights of subrogation to Death Benefits for claimants including Lavonne Neese, Jennifer Neese, Cayden Neese, Cameron Neese, Logan Neese and Leelynn Neese.

> ICSP lacks standing to pursue its claims related to the Death Benefits Claims.

On the same date as it granted the motion to strike, the trial court approved a settlement between the Neeses and the defendants, and a final judgment was rendered. ICSP's motion for new trial was overruled by operation of law, and this appeal followed.

## II. STANDARD OF REVIEW

The appellate court reviews a trial court's determination of a motion to strike an intervention for abuse of discretion. *Henderson Edwards Wilson, L.L.P. v. Toledo*, 244 S.W.3d 851, 853 (Tex. App.—Dallas 2008, no pet.) "The Texas Supreme Court has held that it is an abuse of discretion to strike a plea in intervention if (1) the intervenor could have brought the same action, or any part thereof, in his own name, or if the action had been brought against him, he would be able to defeat recovery or some part thereof; (2) the intervention will not complicate the case by an excessive multiplication of the issues; and (3) the intervention is almost essential to protect the intervenor's interest." *Id.* "An intervenor must have a justiciable interest in the suit." *Id.* "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in the outcome." *Id.*

## III. APPLICABLE LAW

"Which state's law governs an issue is a question of law for the court to decide." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000) (citing *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 204 (Tex. 2000)). "Texas uses the *Restatement's* 'most significant relationship' test to decide choice-of-law issues." *Id.* (citing *Hughes*, 18 S.W.3d at 205; *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979); RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 6, 145 (1971)).

For tort suits, the "most significant relationship" test involves at least two levels of analysis. The first level, as stated in section 6 of the Restatement (Second) of Conflict of Laws, involves a general test: the weighing of the competing policy interests of the different jurisdictions. *Vanderbilt Mortg. & Fin., Inc. v. Posey*, 146 S.W.3d 302, 314 (Tex. App.—Texarkana 2004, no pet.). Section 6 requires consideration of

    (a) the needs of the interstate and international systems,

    (b) the relevant policies of the forum,

    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

    (d) the protection of justified expectations,

    (e) the basic policies underlying the particular field of law,

    (f) certainty, predictability and uniformity of result, and

    (g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6(2).

The second level of analysis provides additional guidance concerning a specific area of law. *Posey*, 146 S.W.3d at 314. Section 6 "sets out the general principles by which the more

specific rules are to be applied." *Gutierrez*, 583 S.W.2d at 318-19. In a tort case, section 145 provides a more specific rule. *Id.* at 319. Section 145 emphasizes the four factors:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2).

Another level of analysis may be directed by other sections of the Restatement where there is a specific context within the area of law. *Posey*, 146 S.W.3d at 315. Texas courts have often applied more specific sections of the Restatement to address particular choice of law issues. *Hughes,* 18 S.W.3d at 206 n.2 (holding section 184 of the Restatement provides the "standards by which a court is to determine immunity from a tort suit when an employee is covered by workers' compensation insurance").

## IV. APPLICATION OF LAW TO FACTS

The issue before us is whether the trial court abused its discretion in granting the Neeses' motion to strike ICSP's petition in intervention. In order to evaluate that issue, we must determine whether ICSP has demonstrated standing: that is, the right to assert a justiciable interest in the outcome of the lawsuit. *See Toledo*, 244 S.W.3d at 853. The issue of standing is decided by determining whether ICSP can assert in this case a right of subrogation to recover the workers' compensation survivor death benefits it has paid. ICSP argues Texas law applies, and it has such subrogation rights. *See* TEX. LAB. CODE ANN. § 417.002; *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 35 (Tex. 2008) ("If there is a recovery [in a wrongful death or survival claim against a third party], . . . the carrier is first entitled to the money up to the total

–5–

amount of benefits it has paid"). However, the Neeses argue under the applicable law of Oklahoma, ICSP has no subrogation rights to the workers' compensation survivor benefits it was ordered by the Oklahoma court. *See McBride v. Grand Island Express, Inc.*, 246 P.3d 718, 722 (Okla. 2010) ("Nothing in 85 O.S. § 44(d) gives an insurer a right of recovery for death benefits it extends.") (citing OKLA. STAT. tit. 85, § 44(d) (Supp. 2005)). [2]

ICSP argues, "[w]hen applied to the present facts, the factual considerations outlined in § 145(2) of the Restatement demonstrate that Texas has the most significant relationship to the relevant issues." ICSP contends the most significant contacts in the case to be considered are that the injury occurred in Texas, all of the conduct causing the injury complained of occurred in Texas, and the relationship between the parties is centered in Texas. Additionally, ICSP contends the parties' domicile or residency are neutral in the choice-of-law analysis because the parties are from different states; that is, James Neese was a resident of Oklahoma, the defendant pipeline companies are incorporated and doing business in Texas, and ICSP is incorporated in the State of Pennsylvania.

The Neeses respond that ICSP's argument that Texas law applies is based upon an application of the most-significant-relationship test to "the case as a whole." Whereas, the Neeses argue the proper analysis is to apply the test to the limited "particular" issue of ICSP's

---

[2] In 2011, the Oklahoma Legislature repealed section 44(d) and promulgated in its place section 348, which provides an employer's insurance carrier with the right of subrogation to recover death benefits paid. *See* OKLA. STAT. ANN. tit. 85, § 348 (West 2012). In Oklahoma, "[s]tatutes are typically not given retroactive effect unless the [Oklahoma] Legislature has made its intent to do so clear." *CNA Ins. Co. v. Ellis*, 148 P.3d 874, 877 (Okla. 2006). "[G]enerally, the law in effect at the time of the employee's injury controls." *Id.* "No subsequent amendment can operate retrospectively to affect in any way the substantive rights and obligations [of the parties] which are fixed." *Id.* The effective date of section 348, August 26, 2011, being after the date James Neese died on June 7, 2010, leads us to conclude section 44(d) controls.

subrogation claims. We agree. *See Hughes*, 18 S.W.3d at 205 (". . . the *Restatement* requires the court to consider which state's law has the most significant relationship *to the particular substantive issue to be resolved*.") (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(1)).

The parties provided their respective views and analysis regarding application of Restatement sections 6 and 145 suggesting the conclusion we should reach when applying the "most significant relationship" test. However, we need not address those Restatement sections that identify considerations of a general nature. Where a specific context within an area of the law is implicated, and the Restatement has addressed the choice of law in that context, Texas courts have often applied a specific section of the Restatement. *See Hughes,* 18 S.W.3d at 206 n.2 (citing *Purcell v. Bellinger,* 940 S.W.2d 599, 601 (Tex. 1997) (applying section 93 to evaluate the res judicata effect of an out-of-state judgment); *Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 647 (Tex. 1995) (applying section 139 to determine whether another state's attorney-client privilege should apply in a Texas court case); *Maxus Exploration Co. v. Moran Bros., Inc.,* 817 S.W.2d 50, 53–54 (Tex. 1991) (invoking section 196 to determine the law governing contracts for personal services); *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 677–78 (Tex. 1990) (adopting section 187 for evaluating the enforceability of contractual choice-of-law clauses)). *See also Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 231 (Tex. 2008) (applying section 187 to determine applicability of choice-of-law provision); *Doctor v. Pardue*, 186 S.W.3d 4, 9 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (applying section 168 to determine issue of charitable immunity).

In this case, we address a wrongful death case. However, the particular issue before the trial court and this court is a narrow, specific issue of whether the law of Texas or Oklahoma

should prescribe the subrogation rights of ICSP. Section 185 of the Restatement (Second) of Conflict of Laws provides specific guidance. Section 185 provides

> The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 185 (1971).

Comment (a) describes the rationale of the rule.

> Under the rule of this Section, the local law of the state under whose workmen's compensation statute the claimant has received an award for an injury determines what interest the person who paid the award has in the recovery on any cause of action for tort or wrongful death that the employee may have against a third person on account of the same injury.

*Id.*, cmt. a.

Citing the Oklahoma Supreme Court in *McBride v. Grand Island Express, Inc.*, Lavonne Neese argues under Oklahoma law, a workers' compensation insurer lacks standing to intervene for the purpose of pursuing its subrogation rights in a claimant's wrongful death action against a tortfeasor. *See McBride*, 246 P.3d at 722 ("Nothing in 85 O.S. § 44(d) gives an insurer a right of recovery for death benefits it extends.") (citing OKLA. STAT. tit. 85, § 44(d)). In *McBride*, the Oklahoma Supreme Court analyzed the legislative history of section 44(d). *See id.* at 721-22. "The employer or the insurance carrier had no historical right by payment of workers' compensation benefits to pursue the tortfeasor to recover the workers' compensation death benefits paid because the right to death benefits subrogation was not authorized and was viewed as in conflict with Oklahoma Constitution, Article 23 § 7." *See id.* at 721 (citing OKLA. CONST., art. 23, § 7). However, "[s]ection 44(d) plainly and unambiguously grants to the 'employer' but not the insurer an independent cause of action to recover from a third party tortfeasor the money

paid out in death benefits under the Workers' Compensation act." *See id.* at 722 ("Had the Legislature intended to create a right of recovery for insurance carriers, it would have . . .").

At the time of James Neese's injury that caused his death on June 7, 2010, Neese and his survivors were all residents of Oklahoma, Neese's employer C & H, with whom ICSP contracted to provide workers' compensation insurance, was headquartered in Oklahoma, and the workers' compensation death benefits award was rendered in Oklahoma. Moreover, the final judgment of the Oklahoma Workers' Compensation Court specified the award of workers' compensation death benefits to the Neeses was pursuant to the Oklahoma Workers' Compensation Act. At the time of James Neese's fatal injury, Oklahoma law provided that the party that paid workers' compensation death benefits had no right of subrogation to recover benefits paid from any recovery against that party's tortfeasors. *See McBride*, 246 P.3d at 722 (citing OKLA. STAT. tit. 85, § 44(d)); *Ellis*, 148 P.3d at 877 (law in effect at the time of the employee's injury applies). On this record, in this case, we conclude Oklahoma is "the state under whose workmen's compensation statute [the Neeses have] received an award," and Oklahoma's law "determines what interest [ICSP as] the person who paid the award has in the recovery." *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 185, cmt. a. We further conclude ICSP had no standing to pursue its claimed subrogation rights. The trial court did not err. We decide ICSP's issue against it.

## V. CONCLUSION

The trial court's order is affirmed.

/Douglas S. Lang/

DOUGLAS S. LANG

120062F.P05

JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant

No. 05-12-00062-CV          V.

LAVONNE NEESE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JAMES ROBERT NEESE, DECEASED, AND AS NEXT FRIEND OF LOGAN NEESE, CAMERON NEESE, LEELYNN NEESE AND CAYDEN NEESE; AND JENNIFER NEESE, Appellees

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-10-06293-C.
Opinion delivered by Justice Lang.   Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees LAVONNE NEESE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JAMES ROBERT NEESE, DECEASED, AND AS NEXT FRIEND OF LOGAN NEESE, CAMERON NEESE, LEELYNN NEESE AND CAYDEN NEESE; AND JENNIFER NEESE recover their costs of this appeal from appellant THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA.

Judgment entered this 24th day of July, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE