**DENY and Opinion Filed August 10, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00549-CV**

**IN RE JAY SANDON COOPER AND TERESA WARD COOPER, Relators**

**On Appeal from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 006-02636-2018**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

Relator, Jay Sandon Cooper, is a vexatious litigant subject to a prefiling order that requires him to obtain permission from the local administrative judge (LAJ) prior to filing any new litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101, 11.102. He and his wife, relator Teresa Ward Cooper, who has not been determined to be vexatious, presented for filing in the trial court an original petition asserting joint claims arising from an eviction. The petition, with over 100 pages of exhibits, asserted the claims against the county, the county clerk, the sheriff, and others, and was signed by Mrs. Cooper as plaintiff and Mr. Cooper as intervenor. Rather than filing the petition, the trial court clerk forwarded it to the local administrative district judge (LADJ) for a determination of whether it should be accepted for filing. *See*

*id.* § 11.103(a). In a written order, the LADJ, without hearing, determined the litigation did not appear to have merit and appeared to have been filed for the purposes of harassment or delay. *See id.* § 11.102(c),(d). The LADJ also determined the petition improperly attached exhibits not allowed under the rules of civil procedure, *see* TEX. R. CIV. P. 59, and should not have been filed jointly. The LADJ denied Mr. Cooper permission to appeal, struck the petition, and ordered Mrs. Cooper to replead.

In this mandamus proceeding, authorized under section 11.102(f) of the Texas Civil Practice and Remedies Code, the Coopers complain of the LADJ's order. *See* § 11.102(f). They raise separate arguments as to why the LADJ's ruling as to each of them individually is an abuse of discretion and should be vacated, and they urge that we issue an order directing the LADJ to file "each" of their petitions. The original petition the Coopers intended to file, however, is not "divisible." It asserted joint claims and was signed by both Mr. and Mrs. Cooper. Additionally, because Mr. Cooper is a vexatious litigant subject to a prefiling order, the original petition could only be filed if permission was granted. Accordingly, we address only the arguments raised as to the LADJ's rulings concerning Mr. Cooper. *See* TEX. R. APP. P. 47.1, 52.8(d).

The Coopers argue that the LADJ's order as it pertains to Mr. Cooper should be vacated because it (1) contravenes Texas Rule of Civil Procedure 60, which

provides that "any party may intervene,"[1] and (2) exceeded the LADJ's authority as Mr. Cooper did not request permission to file. They further argue that, to the extent the LADJ had jurisdiction to determine whether to grant permission, the LADJ abused her discretion and denied Mr. Cooper due process because, by ruling without a hearing, he was unable to develop a record for purposes of satisfying his burden of proof in this proceeding. Finally, they argue that the striking of the petition deprived Mr. Cooper of his First and Fourteenth Amendment rights to petition the court and publicly air his grievances against governmental officials and also violated his equal protection rights "for having been classified as a 'vexatious litigant.'"

## APPLICABLE LAW

To succeed on mandamus, a relator must demonstrate a clear abuse of discretion has occurred. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A clear abuse of discretion occurs when the decision reached is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law" or clearly fails to correctly analyze or apply the law. *See id.* at 839-40.

## DISCUSSION

Applying the above standard, we conclude the Coopers have failed to satisfy their burden. As to their initial contention that the order contravenes rule 60 concerning intervenors and exceeds the LADJ's authority because Mr. Cooper did

---

[1] Texas Rule of Civil Procedure 60 provides in its entirety that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60.

not request permission to file and therefore, did not invoke the LADJ's jurisdiction, the Coopers fail to take into account that under rule 60, a person may intervene only if he could have brought the same action, or any part of the action, in his own name. *See Henderson Edwards Wilson, L.L.P. v. Toledo*, 244 S.W.3d 851, 853 (Tex. App.–Dallas 2008, no pet.) (citing *Guar. Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)). Because Mr. Cooper is a vexatious litigant subject to a prefiling order, he could not bring the petition in his own name without obtaining permission from the LADJ. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101, 11.102. And, although he may not have moved for permission to file, the district clerk could not file the original petition without an order granting permission. *See id.* § 11.103. While the district clerk could have refused to accept the original petition altogether, *see id.*, she did not err in referring the petition to the LADJ for a determination of whether it should be filed, thereby "invoking" the LADJ's jurisdiction.

To the extent the Coopers argue that if the LADJ had jurisdiction and authority to deny Mr. Cooper permission, she abused her discretion and denied Mr. Cooper due process by denying permission without a hearing so that a record could be established, section 11.102 of the vexatious litigant statute explicitly provides that an LAJ may determine whether to grant permission with or without a hearing. *See id.* § 11.102(c). Whether a litigation has merit and is not being filed to harass or cause delay can be determined from a review of the pleading the vexatious litigant

–4–

is intending to file; a record need not be developed. *See id.* § 11.102(d); *In re Cooper*, 05-19-00549-CV, 2019 WL 2211085, at *1 (Tex. App.—Dallas May 22, 2019, orig. proceeding) (mem. op.) (concluding relator failed to meet burden that permission to file appeal should be granted where motion for permission to appeal and appellate brief relator sought to file did not set out scope of judgment to be appealed, did not explain why relator wanted to appeal, and did not discuss why appeal had merit); *In re Cooper*, No. 05-18-01286-CV, 2018 WL 6583363, at *3 (Tex. App.—Dallas Dec. 14, 2018, orig. proceeding) (mem. op.) (concluding relator showed good faith basis for requesting permission to file new litigation); *see also In re Potts*, 399 S.W.3d 685, 688 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding) (whether failure to grant permission to file litigation was abuse of discretion could not be determined without copy of pleading relator sought to file).

Finally, to the extent the Coopers argue the order deprived Mr. Cooper of his First and Fourteenth Amendment rights to petition the court and publicly air his grievances against governmental officials and violated his equal protection rights, the order does not categorically bar Mr. Cooper from "airing his grievances" so as to offend any constitutional protections. *See In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (relator complaining of LAJ order denying her permission to file petition for writ of mandamus against district clerk was not deprived of due process as order did not categorically bar her from prosecuting lawsuit); *see also Cooper v. McNulty*, No. 05-15-00810-CV, 2016 WL

–5–

6093999, at *4 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (noting numerous appellate courts have concluded vexatious litigant statute does not violate vexatious litigant's constitutional due process or equal protection rights and further noting no constitutional right exists to file frivolous litigation). The order denies permission to file, and strikes, only the original petition Mr. Cooper sought to file with Mrs. Cooper.

## CONCLUSION

Because the Coopers have failed to show the LADJ clearly abused her discretion in denying Mr. Cooper permission to file, we deny their requested mandamus relief. *See* TEX. R. APP. P. 52.8(a).

/Craig Smith/
CRAIG SMITH
JUSTICE

210549F.P05