

# NUMBER 13-25-00451-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE SOUTHERN VANGUARD INSURANCE COMPANY AND COMPASS ADJUSTING SERVICES, INC.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relators Southern Vanguard Insurance Company

(Southern) and Compass Adjusting Services, Inc. (Compass) contend that the trial court[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."), *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2024-CCL-00954 in the County Court at Law No. 5 of Cameron County, Texas, and the respondent is the Honorable Estela Chavez Vasquez. *See id.* R. 52.2.

abused its discretion by: (1) striking Southern's plea in intervention; (2) denying Compass's motion to enforce Southern's election to assume its agents' liability under Chapter 542A of the Texas Insurance Code; and (3) denying Southern's motion to preclude the recovery of attorney's fees. *See* TEX. INS. CODE ANN. §§ 542A.001–.007 (governing certain consumer actions related to claims for property damage). We conditionally grant mandamus relief in part and deny in part.

## I. BACKGROUND

Real party in interest Sara Baltazar is the named insured on a property insurance policy issued by Southern. Asserting that her home sustained storm damage, Baltazar submitted a property damage claim to Southern. Southern assigned Compass to inspect Baltazar's property and investigate her claim. The parties did not agree on Baltazar's amount of loss. Thus, pursuant to her insurance policy, the parties submitted Baltazar's claim to the appraisal process pursuant to her insurance policy. After appraisal, Southern paid the appraisal award plus interest.

On December 30, 2024, Baltazar filed suit against adjuster Timothy Cox and Compass alleging that they failed to properly investigate and adjust her property damage claim. Baltazar asserted causes of action against them for negligence, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, breach of fiduciary duty, fraud, fraudulent misrepresentation, fraudulent inducement, and trespass to property. Baltazar did not name Southern as a defendant in her lawsuit.

On April 3, 2025, Southern filed a plea in intervention in Baltazar's lawsuit. Southern's plea included a general denial, an election of responsibility under Texas

2

Insurance Code § 542A.006(A), and a motion to dismiss Baltazar's request for attorney's fees. *See* TEX. INS. CODE ANN. §§ 542A.006(A), .007. Southern alleged, in relevant part, that:

> This suit stems from a claim [Baltazar] made with [Southern] under claim number 87408. [Cox and Compass] were agents of [Southern], acting as field adjusters involved with the claim. . . . [Baltazar's] Petition asserts the following claims against [Cox and Compass] that [Southern] has a justiciable interest in and defenses to: "failing to properly investigate [Baltazar's] claims"[;] "conducting a substandard inspection of the property"[;] and "[Baltazar's] claim was improperly adjusted, inadequately paid, and [was] wrongfully denied coverage." All of these claims and others listed in [Baltazar's] Petition are either the sole responsibility of [Southern] or a shared responsibility of [Southern] and [Cox and Compass]. Intervenor [Southern] is the only party to the insurance contract with [Baltazar], and thus the only party potentially liable under the insurance contract. While [Baltazar] may not plead a breach of contract cause of action, [she does] assert violations of the Texas Insurance Code, and all of [Baltazar's] claims are dependent on a claim that they were wrongfully underpaid under the policy, thus implicating [Southern's] interests.

Southern further stated that it "invokes its statutory election" to accept whatever liability its agents Cox and Compass might have to Baltazar under § 542A.006(A), and it argued that the trial court was thus "required to dismiss all claims" against them. Southern also argued that Baltazar failed to provide notice prior to filing her lawsuit, thus, pursuant to § 542A.007, "the court may not award to the claimant any attorney's fees incurred after the date the defendant filed the pleading with the court." *See id.* § 542A.007.

The parties thereafter filed various pleadings regarding these matters. On May 7, 2025, Baltazar filed a motion to strike Southern's intervention on grounds that, *inter alia*, it was frivolous and Southern lacked a justiciable interest in her lawsuit. On June 20, 2025, Compass filed a motion to enforce the Chapter 542A election of responsibility made by Southern and requested the trial court to dismiss Baltazar's claims against it pursuant to

that election. On August 1, 2025, Baltazar filed a response to Southern's motion regarding the recovery of attorney's fees asserting that Chapter 542A did not apply to her lawsuit, and even if it did apply, Southern failed to meet its burden to obtain its requested relief. On August 19, 2025, Southern filed a response to Baltazar's motion to strike reiterating its arguments in favor of intervention. On September 9, 2025, the trial court issued an omnibus order striking Southern's plea in intervention, denying Compass's motion to enforce the election, and denying Southern's motion regarding attorney's fees.

On September 11, 2025, Southern and Compass filed this petition for writ of mandamus. By what we construe as three issues, relators assert that the trial court abused its discretion by: (1) striking the plea in intervention, (2) refusing to enforce the Chapter 542A election, and (3) denying the motion regarding attorney's fees. On September 12, 2025, we requested Baltazar to file a response to the petition for writ of mandamus within ten days. Baltazar thereafter filed a motion for extension of time requesting an additional thirty days to file her response. The Court granted Baltazar's motion for extension of time; however, Baltazar did not thereafter file a response to the petition for writ of mandamus.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re*

4

*Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.    PLEA IN INTERVENTION

In their first issue, relators assert that the trial court abused its discretion by granting Baltazar's motion to strike Southern's plea in intervention. They allege that Southern has a justiciable interest in the underlying lawsuit because: (1) Baltazar's claims are either Southern's sole responsibility or a responsibility that it shares with Cox and Compass; (2) Southern, as the only party to the insurance policy, is the only party potentially liable for a breach thereof; and (3) all of Baltazar's claims are dependent on the allegation that she was wrongfully underpaid under Southern's insurance policy.

In Baltazar's motion to strike Southern's plea in intervention, Baltazar asserted that Southern had no justiciable interest in the lawsuit. Baltazar alleged that she was not asserting claims for breach of contract or for policy benefits, and she provided a stipulation in support of this allegation. She further alleged that Southern's payment of the appraisal award, plus interest, extinguished any other causes of action that she might have against it.

### A.    Intervention

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60; *see Farmers Grp., Inc. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021). Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *Nghiem*

5

*v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (quoting *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (per curiam)). A party opposing the plea in intervention has the burden to challenge it by filing a motion to strike. *Id.*; *see Mass. Bay Ins. v. Adkins*, 615 S.W.3d 580, 602 (Tex. App.—Houston [1st Dist.] 2020, no pet.). If a motion to strike is filed, the intervenor has the burden to show that it possesses a justiciable interest in the suit. *Nghiem*, 567 S.W.3d at 721; *In re Union Carbide Corp.*, 273 S.W.3d at 155; *Mass. Bay Ins.*, 615 S.W.3d at 602.

An intervenor possesses a justiciable interest when it "could have brought the same action, or any part thereof, in [its] own name, or, if the action had been brought against [it], [it] would be able to defeat recovery, or some part thereof." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g); *see Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.). A justiciable interest is comparable to an interest that is "essential for a party to maintain or defend an action." *Williamson v. Howard*, 554 S.W.3d 59, 66 (Tex. App.—El Paso 2018, no pet.) (quoting *McCord v. Watts*, 777 S.W.2d 809, 811 (Tex. App.—Austin 1989, no writ)); *see J. Fuentes Colleyville, L.P. v. A.S.*, 501 S.W.3d 239, 243 (Tex. App.—Fort Worth 2016, no pet.). In general terms, a party may intervene when its interests will be affected by the litigation. *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243; *Law Offs. of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). The intervenor's interest may be legal or equitable in nature. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982); *Williamson*, 554 S.W.3d at 66. However, the interest may not be merely contingent or remote.

*Williamson*, 554 S.W.3d at 66; *Smith*, 523 S.W.3d at 241; *Law Offs. of Windle Turley, P.C.*, 109 S.W.3d at 70.

We review the trial court's ruling on a motion to strike an intervention for an abuse of discretion. *Farmers Grp., Inc.*, 620 S.W.3d at 713; *Williamson*, 554 S.W.3d at 66; *Ins. Co. of State of Pa. v. Neese*, 407 S.W.3d 850, 853 (Tex. App.—Dallas 2013, no pet.). The trial court's discretion is "broad" but not unlimited. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see Williamson*, 554 S.W.3d at 66. The trial court must grant a motion to strike if the intervenor fails to establish a justiciable interest in the lawsuit. *In re Union Carbide*, 273 S.W.3d at 156; *see Williamson*, 554 S.W.3d at 66. Concomitantly, it is an abuse of discretion to strike a plea in intervention when: (1) the intervenor could have brought the same action or a part thereof in its own name or the intervenor would be able to defeat recovery or a part thereof; (2) allowing the intervention "will not complicate the case by an excessive multiplication of the issues"; and (3) "the intervention is almost essential to effectively protect the intervenor's interest." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243.

Although most interventions involve parties who intervene as plaintiffs, "intervenors can occupy the position of a defendant where their claims and prayer align them with the defendant and pit them directly against the plaintiff, even if no parties assert claims against them." *In re Ford Motor Co.*, 442 S.W.3d 265, 275 (Tex. 2014) (orig. proceeding). When "a judgment for the plaintiff may lead to an action against the intervenor or otherwise seriously prejudice the intervenor, the intervention is necessary to assure a proper defense against the claim." *Jenkins v. Entergy Corp.*, 187 S.W.3d 785, 797 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied); *see Evan's World Travel, Inc. v.*

*Adams*, 978 S.W.2d 225, 234 (Tex. App.—Texarkana 1998, no pet.); *see also De La Rosa v. Avery*, No. 12-23-00112-CV, 2023 WL 7178022, at *3 (Tex. App.—Tyler Oct. 31, 2023, no pet.) (mem. op.). This holds true even when the intervenor has not or could not be sued directly. *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234; *see also De La Rosa*, 2023 WL 7178022, at *3.

## B.      Texas Insurance Code § 542A.006

Southern asserts in part that it possesses a justiciable interest in the case because it has accepted any liability that Cox and Compass might have to Baltazar under Texas Insurance Code § 542A.006. *See* TEX. INS. CODE ANN. § 542A.006. In contrast, Baltazar argued in the trial court that Southern's election under § 542A.006 is "frivolous," and Chapter 542A does not apply to this case because Southern is not a party to the action at issue. The parties' arguments on this issue principally concern the proper construction of the Insurance Code, which is a question of law we consider de novo. *GEO Group, Inc. v. Hegar*, 709 S.W.3d 585, 591 (Tex. 2025). "We look first and foremost to the plain and common meaning of the statute's . . . words in context." *Id.*

Texas Insurance Code Chapter 542A applies to actions involving first-party insurance claims arising from damage caused by hail and wind. *See* TEX. INS. CODE ANN. §§ 542A.001(2), .002(a); *Advanced Indicator & Mfg., Inc. v. Acadia Ins.*, 50 F.4th 469, 474 (5th Cir. 2022) (per curiam). Subject to certain limitations that are not applicable here, this section provides that "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE ANN. § 542A.006(a);

8

*see id.* § 542A.006(h) (providing an exception for insurers who are in receivership). The insurer may not revoke this election, and a court may not nullify it. *Id.* § 542A.006(f).

If the insurer makes such an election *before* the claimant files the action, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id.* § 542A.006(b). If the insurer makes the election *after* the claimant files suit, "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). An insurer's election "is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omission." *Id.* § 542A.006(e). In any event, if the insurer makes the election and

> the agent is not a party to the action, evidence of the agent's acts or omissions may be offered at trial and, if supported by sufficient evidence, the trier of fact may be asked to resolve fact issues as if the agent were a defendant, and a judgment against the insurer must include any liability that would have been assessed against the agent.

*Id.* § 542A.006(g). "In an action tried by a jury, an insurer's election . . . may not be made known to the jury." *Id.* § 542A.006(i).

We have repeatedly rejected Baltazar's contention that Chapter 542A does not apply to a lawsuit when the lawsuit is against an insurer's agents rather than the insurer itself. *See In re State Nat'l Ins.*, No. 13-25-00133-CV, 2025 WL 2318636, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2025, orig. proceeding) (mem. op.); *In re Trisura Ins.*, 720 S.W.3d 195, 203 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding); *In re Certain Underwriters at Lloyd's, London*, No. 13-25-00088-CV, 2025 WL 1914403, at *5, __ S.W.3d __, at __ (Tex. App.—Corpus Christi–Edinburg July 11, 2025, orig.

proceeding). We have also determined that this interpretation does not extinguish causes of action against insurance agents[3] because the election procedure under § 542A.006 instead shifts liability for those causes of action to the insurer. *See In re State Nat'l Ins.*, 2025 WL 2318636, at *5; *In re Trisura Ins.*, 720 S.W.3d at 203; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *5, __ S.W.3d at __; *see generally* TEX. INS. CODE ANN. § 542A.006. We review the propriety of Southern's intervention accordingly.

## C.    Analysis

We examine the factual allegations in the parties' pleadings to determine whether Southern has a justiciable interest in the lawsuit. *See Williamson*, 554 S.W.3d at 66–67; *Smith*, 523 S.W.3d at 241; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243. In her petition, Baltazar alleged that Cox and Compass failed to reasonably investigate her claim and that her "claim was improperly adjusted, inadequately paid, and wrongfully denied." Baltazar stated that she was filing only tort claims against Cox and Compass, and was not pursuing any breach of contract claims. Baltazar explained that she was "not seeking any form of 'policy benefits' or asserting entitlement to same in any manner or way." In its plea in intervention, Southern alleged that, as "the only party to the insurance contract" with Baltazar, it is "the only party potentially liable" under the contract, and all Baltazar's claims are dependent on her allegation that she was wrongfully underpaid under the policy. Southern further argued that it had accepted whatever liability Cox and Compass

---

[3] Adjusters engaged in the business of insurance may be held individually liable. *See Liberty Mut. Ins. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); *Lon Smith & Assocs. v. Key*, 527 S.W.3d 604, 622 (Tex. App.—Fort Worth 2017, pet. denied); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, at 944–45 (S.D. Tex. 2019).

10

may have to Baltazar under § 542A.006, and thus it possessed an interest in defending against Baltazar's claims.

On similar facts, we have repeatedly held that the trial court abused its discretion by refusing to allow an insurer to intervene in a lawsuit filed by its insureds against its agents. *See In re State Nat'l Ins.*, 2025 WL 2318636, at *5; *In re Trisura Ins.*, 720 S.W.3d at 203; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *5, ___ S.W.3d at ___. In these cases, we reasoned that the insurers possessed a justiciable interest in the lawsuits because: (1) a judgment in favor of the insureds would likely lead to an action against the insurers because the insurers had elected to accept their agents' liability under § 542A.006; (2) the agents, as non-parties to the insurance policy, could not invoke appraisal which might defeat the insureds' claim or a part thereof; and (3) the insureds' claims, however characterized, were factually premised on their insurance policies and the insurers' rejection of their claims. *See In re State Nat'l Ins.*, 2025 WL 2318636, at *5; *In re Trisura Ins.*, 720 S.W.3d at 203; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *5, ___ S.W.3d at ___; *see also Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243; *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234. We further determined that allowing the insurers to intervene would not excessively multiply the issues in these lawsuits because the causes of action, defenses, and relevant facts were largely the same. *See In re State Nat'l Ins.*, 2025 WL 2318636, at *5; *In re Trisura Ins.*, 720 S.W.3d at 203; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *5, ___ S.W.3d at ___.

11

This case presents a slightly different situation from the cases that we have previously decided because appraisal has already taken place; however, this distinction does not mandate a different result. Here, Southern possesses a justiciable interest in Baltazar's lawsuit because a judgment in her favor would likely lead to an action against Southern under § 542A.006, and Baltazar's claims, however characterized, are factually premised on her insurance policy and Southern's rejection of her claims regarding additional damages. Accordingly, we conclude that the trial court abused its discretion by denying Southern's plea in intervention and granting Baltazar's motion to strike. *See In re State Nat'l Ins.*, 2025 WL 2318636, at *5; *In re Trisura Ins.*, 720 S.W.3d at 203; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *5, __ S.W.3d at __. We sustain relators' first issue.

## IV.    MOTION TO ENFORCE

Relators assert that the trial court abused its discretion by denying Compass's motion to enforce Southern's election under Chapter 542A. *See* TEX. INS. CODE ANN. § 542A.006. As stated previously, in her pleadings below, Baltazar asserted that § 542A.006 does not apply to her lawsuit, a contention which we have previously rejected.

Here, Southern elected to accept whatever liability that Cox and Compass may have to Baltazar. Baltazar filed her original petition on December 30, 2024, and Southern made its election pursuant to Chapter 542A on April 3, 2025. The Texas Insurance Code provides that: "If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). Under this provision, "an insurer's § 542A.006 election 'eviscerates any

12

claim against an agent.'" *In re Trisura Ins.*, 720 S.W.3d at 205 (quoting *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 474); *see Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (stating that "the Texas Legislature crafted § 542A.006(c) as a full-stop defense to claims filed against insurance adjusters in state court"); *see also In re State Nat'l Ins.*, 2025 WL 2318636, at *7; *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *4.

The Legislature drafted § 542A.006 to provide that the trial court "shall" dismiss the claimant's action against an agent when the statutory prerequisites are satisfied. *See* TEX. INS. CODE ANN. § 542A.006(b), (c). The use of the word "shall" imposes a mandatory duty. *See In re Rogers*, 690 S.W.3d 296, 300–01 (Tex. 2024) (orig. proceeding) (per curiam); *Boerne to Bergheim Coal. for Clean Env't v. Tex. Comm'n on Env't Quality*, 657 S.W.3d 382, 391 (Tex. App.—El Paso 2022, no pet.); *see also* TEX. GOV'T CODE ANN. § 311.016(2). Here, because Southern made its election after suit was filed to assume whatever liability that Cox and Compass may have to Baltazar, the Insurance Code imposes a mandatory duty on the trial court to dismiss the action against Cox and Compass with prejudice. *See* TEX. INS. CODE ANN. § 542A.006(c); *In re Trisura Ins.*, 720 S.W.3d at 205. We sustain relators' second issue.

## V. ATTORNEY'S FEES

In their third issue, relators assert that the trial court abused its discretion by denying Southern's motion regarding attorney's fees. In her pleadings below, Baltazar argued that Southern's motion was "frivolous and presents no good faith arguments in fact or in law." She alleged that Chapter 542A does not apply to this litigation because it is not an "action on a claim," that she is not suing on her insurance policy, and that her

13

insurer is not a party to her lawsuit. According to Baltazar: "It is preposterous that a policyholder would be required to serve a [presuit] notice to an independent agent . . . [where] nothing is alleged to be owed by an insurer."

As stated previously, Texas Insurance Code Chapter 542A applies to actions involving first-party insurance claims arising from damage caused by hail and wind. *See* TEX. INS. CODE ANN. §§ 542A.001(2), .002(a); *Senechal v. Allstate Vehicle & Prop. Ins.*, 127 F.4th 976, 980 (5th Cir. 2025); *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 474. Section 542A.003 requires presuit notice in Chapter 542A cases. *See* TEX. INS. CODE ANN. § 542A.003(a). Under this section, a claimant "must give written notice" to "any person" from whom the claimant seeks damages "not later than the 61st day before the date a claimant files an action to which this chapter applies as a prerequisite to filing the action." *Id.* The presuit notice must include specific required information, including a statement, the specific amount alleged to be owed, and the amount of attorney's fees incurred. *See id.* § 542A.003(b). Under § 542A.007:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

*Id.* § 542A.007; *see Rodriguez v. Safeco Ins. Co. of Ind.*, 684 S.W.3d 789, 792 (Tex. 2024). Thus, the defendant has the burden to plead and prove that the claimant failed to provide a statutorily compliant presuit notice to foreclose the claimant's ability to recover attorney's fees. *See* TEX. INS. CODE ANN. § 542A.007.

14

In this case, relators asserted that they were entitled to receive presuit notice but Baltazar failed to provide them with an appropriate presuit demand. However, based on the record presented, relators did not offer proof in support of their allegation as required by § 542A.007. *See id.* Accordingly, we overrule relators' third issue.

## VI.    REMEDY

We have concluded that the trial court abused its discretion by striking Southern's plea in intervention and by denying relators' motion to enforce Southern's Chapter 542A election. Under these circumstances, relators lack an adequate remedy by appeal after final judgment because proceeding without immediate review by mandamus would defeat the substantive rights that they possess by virtue of contract and statute, severely compromise and foreclose their ability to present their defenses, and waste resources. *See In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 842 (Tex. 2024) (orig. proceeding); *In re Acad., Ltd.*, 625 S.W.3d at 32; *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465–66 (Tex. 2008) (orig. proceeding)). *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137; *In re Trisura Ins.*, 720 S.W.3d at 205. We conclude that the circumstances present in this case render a remedy by appeal after final judgment inadequate.

## VII.    CONCLUSION

The Court, having examined and fully considered relators' petition for writ of mandamus, and the applicable law, is of the opinion that relators have met their burden to obtain relief in part. We conditionally grant the petition for writ of mandamus in part and direct the trial court to vacate its orders: (1) striking Southern's plea in intervention; and (2) denying Compass's motion to enforce the Chapter 542A election. Our writ will issue

15

only if the trial court fails to comply. We deny the petition for writ of mandamus in part as

to Southern's motion regarding Baltazar's recovery of her attorney's fees.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
12th day of November, 2025.